### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWEY COFFMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-02-1625-F |
| ) | |
| ANN VENEMAN, Secretary of the ) | |
| United States Department of ) | |
| Agriculture, ) | |
| ) | |
|     Defendant. ) | |

### ORDER

Plaintiff Dewey Coffman's "Request to Vacate Judgment Order," filed June 23, 2005, is before the court. (Docket entry no. 68). Defendant has responded, and the motion is ready for determination. Plaintiff appears pro se, and his pleadings are liberally construed.

Although the motion does not mention any rule or procedure pursuant to which it is brought, the motion was filed more than ten days after the court entered summary judgment in this action. A motion that is filed more than ten days after entry of judgment is analyzed under Fed. R. Civ. P. 60(b). Furthermore, in its introduction, the motion asserts "serious misconduct of the defendant and his perpetration of highly prejudicial acts of chicanery." The motion continues with 12 separately numbered paragraphs which are described as "supporting facts." One of the specific grounds for relief under Rule 60(b) is misconduct. Fed. R. Civ. P. 60(b)(3). For these reasons, the court construes the motion as one for post-judgment relief under Fed. R. Civ. P. 60(b)(3).

The grant or denial of Rule 60(b) relief is a matter left to the trial court's discretion. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Id*. A plaintiff must overcome a higher burden to obtain relief from a post-judgment motion than on direct appeal from a judgment. LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003). Claims not supported by argument need not be considered. *Id*. When fraud, misrepresentation, or misconduct are in issue under Rule 60(b)(3), the burden is on the moving party to show such conduct by clear and convincing proof. Cummings v. General Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004). The application for relief must be clearly substantiated by adequate proof and the challenged behavior must substantially have interfered with the aggrieved party's ability to fully and fairly prepare for and proceed at trial. *Id*.

The court construes the statements contained in plaintiff's brief as his affidavit testimony. Even so, plaintiff's statements consists of rhetorical accusations with no supporting documentation or other supporting evidence. Plaintiff offers no proof that any of the asserted misconduct interfered in any way with his ability to defend the motion for summary judgment, which was based on the doctrines of claim preclusion and issue preclusion. Plaintiff's brief states that "plaintiff realizes the high degree of professionalism that was necessary to facilitate a decision to dismiss this case," but then states that "it is possible that certain facts were not available to the court." However, the motion offers no evidence of any facts which would support vacating the judgment.

Having carefully reviewed plaintiffs' submissions, the record, and the relevant arguments and authorities, the court finds and concludes, in the exercise of its considered discretion, that plaintiff is not entitled to relief under any provision of Rule

60(b) or on any other basis.  Plaintiff's "Request to Vacate Judgment Order" is **DENIED**.

Dated this 6th day of July, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-1625p015.wpd