### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWEY COFFMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-02-1625-F |
| ) | |
| ANN M. VENEMAN, Secretary, U.S. ) | |
| Department of Agriculture, ) | |
| ) | |
|     Defendant. ) | |

### ORDER

Both parties have objected to the costs taxed by the clerk of this court in this matter on August 2, 2005. Plaintiff's letter of August 5, 2005 was construed by this court as a motion objecting to the clerk's taxation of costs. (Plaintiff's construed motion at doc. no. 80.) Defendant responded to plaintiff's motion on August 9, 2005, incorporating by reference its arguments advanced in defendant's brief in support of bill of costs filed with the clerk. Defendant's response to plaintiff's motion also included defendant's own motion objecting to the clerk's taxation of costs. (Defendant's motion included in doc. no. 79.) Plaintiff then responded to defendant's motion, adding certain objections to the clerk's taxation of costs which had not been previously raised by plaintiff. Accordingly, the parties' cross-motions objecting to the clerk's assessment of costs are ready for determination.

Standards

Plaintiff appears pro se, and his pleadings are liberally construed. Rule 54 provides that costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). Review of the clerk's assessment of costs is a de novo determination committed to the district court's discretion. Green Const. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 674 (D. Kan. 1994) (and see cases cited therein). Rule 54 creates a presumption that the court will award costs to the prevailing party, and a district court must provide a valid reason for not awarding costs to a prevailing party. Aerotech, Inc. v. Estes, 110 F.3d 1523, 1526 (10th Cir. 1997).

Plaintiff's Objections to the Clerk's Assessment

As the losing party, plaintiff has the burden of overcoming the presumption that proper costs should be assessed against him.

Plaintiff now objects to the $20 docketing fee which plaintiff has previously stated was "fair" and "equitable." The court finds the $20 charge reasonable, and it affirms that charge as properly taxed by the clerk.

Plaintiff also objects to the copying charges assessed by the clerk at the requested rate of $.25 per copy. Plaintiff argues that the defendant's true copying costs are "incalculably" small; however, plaintiff offers no evidence that the $.25 per page cost is higher than defendant's true cost per page for copying charges. Also as a part of his objections to assessed copying charges, plaintiff complains that defendant's papers were "padded," "redundant," and "verbose." The court is familiar with the briefing in this case and rejects plaintiff's characterization of defendant's briefing. Regardless, the clerk only assessed copying charges for copies directly related to defendant's successful motion for summary judgment. Plaintiff also objects

to copying charges incurred for the attachment of unpublished cases or other exhibits to defendant's briefing. Those attachments were either required or helpful and therefore necessary. Plaintiff also objects to costs incurred by defendant in responding to plaintiff's motion to vacate. However, no copying or other costs were assessed against plaintiff for defendant's preparation of her response to plaintiff's unsuccessful motion to vacate.

Having considered these objections, along with all of plaintiff's objections to the costs taxed by the clerk, the court finds and concludes that plaintiff has not shown that any of his objections are well taken or that any of the costs assessed by the clerk are inappropriate.

Defendant's Objections to the Clerk's Assessment

Turning to defendant's objections to costs taxed by the clerk, the court first rejects defendant's argument that the clerk should have granted all of defendant's requested costs based on plaintiff's failure to file timely objections with the clerk. Although the undersigned is very familiar with the long list of warnings previously given to plaintiff for prior failures to comply with deadlines and rules, plaintiff did ultimately object to defendant's requested costs, and the court agrees with the clerk's consideration of plaintiff's late objections.

Defendant also argues that the clerk improperly limited recovery of copying charges to charges directly associated with defendant's motion for summary judgment. In the circumstances of this particular case, the court finds that this limitation is appropriate as this case was decided based upon legal issues addressed in defendant's motion for summary judgment. Having upheld that limitation on the recovery of costs, the court notes defendant's statement (at p. 11, n. 5) that, if the court determines that only the copying costs associated with the final motion for summary judgment are

recoverable, then the appropriate number of pages taxable would be 16, rather than 199 as calculated by the clerk. The court appreciates defendant bringing this error to its attention. The pages for which copying charges are assessed by the undersigned will be reduced to 16 at $.25 per page, resulting in allowed copying charges of $4.00 rather than the $39.80 previously awarded by the clerk.

Finally, defendant's motion states that it may be proper to reduce the court reporter's fee by $50 because the transcription costs awarded by the clerk inadvertently included $50 for a condensed multi-page copy and index of plaintiff's deposition. Defendant states that while 28 U.S.C. § 1920(2) allows costs to be recovered for deposition transcripts necessarily obtained for use in the case, costs for duplicate copies, mini-copies, or multi-page copies of depositions with indices, which are obtained for the convenience of counsel, are not taxable under that statute. Defendant concedes that the court may reduce the costs taxed for court reporter transcription fees by $50, and the court agrees with this reduction.

## Conclusion

For these reasons, after de novo review of the clerk's taxation of costs, the parties' submissions, the record, and the relevant authorities, the court finds that the costs properly taxed against plaintiff and in favor of defendant in this action are as follows:

- -- $1,431.95 (reflecting a reduction of $50 from the $1,481.95 awarded by the clerk for court reporter transcription charges);
- -- $4.00 (reflecting a reduction of $35.80 from the $39.80 previously taxed by the clerk for copying charges, based on 16 pages rather than 199 pages copied which pertained directly to the motion for summary judgment); and

-- $20.00 (the unchanged charge for docketing).

As defendant is the prevailing party in this action, total costs of $1,455.95 are hereby assessed against plaintiff and in favor of defendant.

Dated this 1st day of September, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-1625p017(pub).wpd